[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On October 20, 1989, the plaintiff's decedent in the underlying action, Kevin Eastwood, commenced service of a sentence of incarceration at a CT Page 6320 State of Connecticut correctional facility. On November 13, 1989, Eastwood appeared at the facility's infirmary complaining of a headache. Eastwood went to the infirmary again on November 13, 1989, and three times on November 14, 1989, complaining of a headache as well as nausea, anorexia and hypersensitivity to light. On the morning of November 15, 1989, Eastwood was found in his bed, unresponsive with his pupils fixed and dilated, his blood pressure elevated and sweating profusely. He was immediately transported to St. Francis Hospital and Medical Center (SFH) where, on November 16, 1989, he died.
Pursuant to General Statutes § 4-160, the plaintiff on or about November 15, 1990, sought permission from the Claims Commissioner to bring suit against the State of Connecticut (State). Almost nine years later, on October 6, 1999, the Claims Commissioner granted permission to sue, and by complaint dated November 2, 1999 the plaintiff commenced a negligence action against the State. The State filed an apportionment complaint, dated January 18, 2000, against SFH and Jesse Samuels, a physician at SFH, pursuant to General Statutes § 52-102b(a), alleging that their negligence was a contributing cause of plaintiff's death.[1] On February 23, 2000, the plaintiff in the underlying action filed an amended complaint adding a second count to assert a negligence claim against SFH pursuant to § 102b(d).[2]
On March 8, 2000, SFH and Samuels, the apportionment defendants, filed a motion to strike the State's apportionment complaint on the ground that § 52-102b does not apply retrospectively so as to permit apportionment of liability to SFH and Samuels. SFH also filed a motion to strike the second count of the plaintiff's amended complaint on the ground that § 52-102b does not apply retrospectively so as to permit an action against SFH. The Court addresses both motions herein because they assert the same contention, to wit: that § 52-102b cannot be applied retrospectively to an act or omission which occurred prior to the time § 52-102b took effect.
 DISCUSSION
"The purpose of a motion to strike is to look to rules of statutory construction to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v.Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). CT Page 6321
The defendants urge the court to look to rules of statutory construction to interpret the legislative intent underlying §52-102b when the plain language of the enacting legislation makes that intent clear. Section 2 of Public Act No. 95-111 (the Act which became § 52-102b), by its terms, expressly provides for the Act to take effect on July 1, 1995 and to be applicable to any civil action filed on or after that date. This language is clear and unequivocal and admits of no contrary interpretation. The present action was filed after July 1, 1995. The defendant has not presented the court with any authority indicating that the statute does not mean what it says. Indeed, the cases which have discussed § 52-102b, albeit in other contexts, have uniformly accepted the applicability of the statute to post-effective date actions predicated on pre-effective date facts. See Prince v.Trinidad, 20 Conn.L.Rptr. 399 (September 12, 1997, Skolnick, J.);Langella v. G-WZ of Stamford, Inc., (Judicial District of Stamford-Norwalk at Stamford, Docket No. 148891) (February 1, 1999,D'Andrea, J.); Allard v. Liberty Oil Eguipment Co., Inc.,9 Conn.L.Rptr. 221 (March 7, 1997, Lavine, J.).
SFH and Samuels claim that it would be unfair to require them to defend a claim that is now over ten years old. Defenses based on statutes of limitations and/or the doctrine of laches must be specifically pleaded pursuant to Practice Book § 10-50. The issue of the interplay between § 52-102b and either or both of these defenses may arise later on in these proceedings. It is not, however, a proper subject of a motion to strike.
Accordingly, the Court denies both motions to strike.
Solomon, J.